**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Canplas Industries, Ltd., ) | CASE NO. 1:13 CV 1565 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| vs. ) | |
| ) | |
| InterVac Design Corporation, et al., ) | Memorandum of Opinion and Order |
| ) | |
| Defendant. ) | |

**Introduction**

This matter is before the Court on defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or Alternatively to Transfer (Doc. 11). This is a patent infringement dispute. For the following reasons, defendants' motion to dismiss is DENIED, the defendants' motion to transfer is GRANTED, and the Court TRANSFERS this matter to the United States District Court for the Southern District of Florida.

**Facts**

Plaintiff, Canplas Industries Ltd., a Canadian corporation, brings this action against defendants, InterVac Design ("InterVac"), a Florida corporation, and IVD Global Corporation ("IVD"), also a Florida corporation. Plaintiff is the holder of U.S. Patent No. 6,108,858

1

(hereinafter "the patent") for a "Waste Receptacle for a Vacuum Cleaning Product." Defendant InterVac manufactures and sells the VacPort sweep inlet valve (the "Accused Product"). Defendant IVD owns intellectual property related to InterVac products. Plaintiff alleges that defendants infringed its patent through the manufacture, use, sale and offer for sale of the Accused Product. The complaint contains a single claim of patent infringement. Further relevant facts are included below in conjunction with the Court's analysis of defendants' motion.   Defendants now ask the Court to dismiss the complaint against them for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), for improper venue pursuant to Fed.R.Civ.P. 12(b)(3), to transfer pursuant to 28 U.S.C. § 1406, or in the alternative to transfer to the Southern District of Florida pursuant to 28 U.S.C. § 1404. Plaintiff opposes the motion.

### Standard of Review

The Federal Circuit has made clear that "where the personal jurisdiction inquiry is 'intimately involved with the substance of patent laws,'" district courts should apply Federal Circuit law. *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995)).  Where a district court's personal jurisdiction inquiry is based on affidavits or other written materials in the absence of an evidentiary hearing, a plaintiff need only make a *prima facie* showing that defendants are subject to personal jurisdiction. *See Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1347 (Fed. Cir. 2002).  In the context of a motion to dismiss, a district court must accept the uncontroverted allegations of plaintiff as true and resolve any factual conflicts in plaintiff's favor. *Deprenyl*, 297 F.3d at 1347. *See also Silent*

*Drive, Inc. v. Strong Ind., Inc*., 326 F.3d 1194, 1201 (Fed. Cir. 2003).

**Discussion**

**A. Personal Jurisdiction and Defendant IVD**

Plaintiff concedes that the Court does not have personal jurisdiction over defendant IVD. IVD is a Florida corporation with its principle place of business in Palm City, Florida. It is not registered to do business in Ohio, nor does it maintain any offices or places of business in Ohio. IVD owns intellectual property related to InterVac products. It does not manufacture, use, sell or offer to sell the Accused Product or any other product in Ohio, and it does not advertise. The Court agrees that there is no personal jurisdiction over IVD in the Northern District of Ohio.

**B. Venue and Defendant InterVac**

Defendant InterVac contends that venue is improper in this Court because there is no personal jurisdiction over it in the Northern District of Ohio. Plaintiff argues that its cause of action for patent infringement arises from InterVac's offering for sale and selling of the Accused Product via its website and that this Court may exercise specific personal jurisdiction over InterVac in accordance with the Ohio long-arm statute and with due process.

The venue statute for patent cases states: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant is deemed to reside in any judicial district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). If a state has more than one judicial

3

district, a corporate defendant is deemed to reside in only those districts where its contacts would be sufficient to subject it to personal jurisdiction if those districts were separate states. *Id; VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990), *cert. denied*, 499 U.S. 922 (1991). Under Federal Circuit law, a court may exercise jurisdiction over an out-of-state defendant if the defendant is amenable to process in the forum state, and if the exercise of personal jurisdiction comports with federal due process. *LSI Industries, Inc. v. Hubbell Lighting, Inc.,* 232 F.3d 1369, 1371 (Fed. Cir. 2000). Thus, in order for venue to be proper here, the Court must find there is personal jurisdiction over InterVac in the Northern District of Ohio and due process requirements are met.

1. **The Ohio Long-Arm Statute**

Plaintiff contends that InterVac is subject to personal jurisdiction under two provisions of Ohio's long-arm statute. First, plaintiff argues that InterVac has transacted business in the state within the meaning of the long-arm statute. Plaintiff avers that defendant had sales of about $12,210 from 2011 to 2013 in Ohio via its website. Plaintiff reasons that given that InterVac's most expensive product is $219, InterVac has had approximately 55 sales in Ohio during this time period. Because the Accused Product could also have been purchased via this website, plaintiff contends that InterVac has offered the Accused Product for sale 55 times and this meets the "transacting business" requirement. Plaintiff also contends that there is personal jurisdiction over InterVac under the tortious injury provision of the long-arm statute because of these same 55 offerings for sale of the Accused Product. Plaintiff notes that patent infringement is a tort.

Defendant contends that its sale of products unrelated to the Accused Product within

4

the Northern District of Ohio via its website cannot confer jurisdiction on this Court over this patent infringement dispute. Defendant avers that it has occasionally sold various products, though never the Accused Product, to three independent retailers in Ohio, two of which are in the Northern District of Ohio. In 2013, InterVac's total sales to Ohio accounted for one one-thousandth of a percent (0.001%) of its overall product sales. In 2011 and 2012, InterVac's $11,551.62 of sales in Ohio accounted for approximately 0.37% of its total sales. Defendant notes it is not registered to do business in Ohio. It states that it maintains no offices, employees, agents, or distributors in Ohio, and has not placed advertisements in local newspapers, magazines, or television stations. It acknowledges that it maintains a website through which its products may be purchased, but defendant states that it has not conducted any internet advertising or any mailings focused on Ohio residents.

Under the Ohio Long-Arm Statute:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
    (1) Transacting any business in this state;
    ...
    (3) Causing tortious injury by an act or omission in this state;

Ohio Rev. Code § 2307.382.

Ohio's long-arm statute is interpreted in accordance with Ohio precedent. *See Graphic Controls Corp. v. Utah Med. Prods., Inc*., 149 F.3d 1382, 1385 (Fed. Cir.1998).

### a. Transacting Business

The Ohio Supreme Court has indicated that Section (A)(1) is "very broadly worded and permit[s] jurisdiction over nonresident defendants who are transacting any business in Ohio." *Genesis Insurance Co. v. Alfi*, 425 F. Supp. 2d 876, 894 (S.D.Ohio 2006) (citing

5

*Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc*., 53 Ohio St.3d 73, 559 N.E.2d 477 (1990), *cert. denied*, 499 U.S. 975 (1991)). However, the mere solicitation of business by a foreign corporation does not constitute transacting business in Ohio for purposes of personal jurisdiction. *Wainscott v. St. Louis-San Francisco Ry. Co.*, 47 Ohio St.2d 133, 143-44, 351 N.E.2d 466 (1976). To be doing business, negotiations must ultimately lead to a "substantial connection" with the forum, creating an affirmative obligation there. *Sprint Communications Co. v. Mr. K's Foods, Inc*., 68 Ohio St.3d 181, 624 N.E.2d 1048, 1052 (1994) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

Plaintiff has cited no cases that support the idea that a cause of action for patent infringement can arise from the sale of other unrelated products to residents of a judicial district via a website which also allowed for the sale of the Accused Product. Plaintiff's citation in support of jurisdiction is inapposite. In *Puronics,* the Court determined that the defendant's shipment of five orders of products over six years was sufficient to satisfy the "any business" regiment of the Ohio long-arm statute. *Puronics, Inc. v. Clean Res. Inc*., 2013 U.S. Dist. LEXIS 5414 (N.D. Ohio Jan. 14, 2013). Unlike in the instant matter, however, those five sales were of products that were the focal point of the litigation. This case presents a factual situation in which defendant has neither sold nor shipped a single unit of the Accused Product to the Northern District of Ohio. While defendant may have been transacting "any business" in the Northern District of Ohio, this case does not arise out of that business. Therefore, § 2307.382(A)(1) does not confer this Court with personal jurisdiction over defendant. *Accord Cooper v. Digital Processing Sys., Inc.*, 182 F.R.D. 242, 252 (N.D. Ohio 1998) *aff'd*, 215 F.3d 1342 (Fed. Cir.1999) (finding no personal jurisdiction under Ohio's

long-arm statute where patent licensee entered into fee negotiations with attorney and hired other attorneys in Ohio because patent infringement claim did not arising from these contacts with Ohio).

### b. Tortious Injury

A cause of action for patent infringement arises when a person, without authorization, makes, uses, or sells any patented invention. *See* 35 U.S.C. § 271(a); *North American Philips v. American Vending Sales*, 35 F.3d 1576, 78-79 (Fed. Cir. 1994).

> While it may be appropriate to speak loosely of patent infringement as a tort, more accurately the cause of action for patent infringement is created and defined by statute. *See* 35 U.S.C. § 271(a) (1988). The statute does not speak generally of the "tort of patent infringement," but specifically of a liability that arises upon the making, using, or selling of an infringing article. Thus, the statute on its face clearly suggests the conception that the "tort" of patent infringement occurs where the offending act is committed and not where the injury is felt.

*Id.* at 1579.

To satisfy (A)(3), both the tortious act and the injury must occur in Ohio. *See Gor–Vue Corp. v. Hornell Elektrooptik AB*, 634 F. Supp. 535, 537 (N.D. Ohio 1986) (finding personal jurisdiction in patent case where defendant sold offending products in the district and plaintiff also conducted business there).

Plaintiff contends that because the Accused Product could have been bought through defendant's website, defendant has also committed a tortious act in Ohio. Plaintiff has again cited no case that supports its contention that offering an allegedly infringing product for sale via a website, when none of the products has actually been sold or shipped to this district, can substantiate a finding of personal jurisdiction under the tortious injury provision of Ohio's long-arm statute. Under Federal Circuit case law, the situs of the injury of selling an

allegedly infringing product is the place where the sale is made. *North American Philips*, 35 F.3d at 1578-1579. Here, plaintiff has not alleged that any sale of the Accused Product occurred in the Northern District of Ohio.  Therefore, a tortious injury did not occur in Ohio. This Court, therefore, cannot exercise personal jurisdiction over defendant InterVac pursuant to § 2307.382(A)(3) of Ohio's long-arm statute.

### 2. Due Process

Even assuming that jurisdiction was proper under the long-arm statute, the Court also finds that exercising jurisdiction over InterVac would not comport with due process. The "constitutional touch-stone" for personal jurisdiction is "whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985).  (*citing Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). These minimum contacts may justify either general jurisdiction or specific jurisdiction. *Irizarry v. East Longitude Trading Co.,* 296 F. Supp. 2d 862, 864-65 (N.D.Ohio 2003). General jurisdiction is only proper if a defendant's contacts with the forum are so extensive as to be characterized as "continuous and systematic." *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414 (1984). In the present case, the Court cannot exercise general jurisdiction over InterVac. InterVac does not maintain any presence—physical, corporate, financial, or otherwise—in this state. Plaintiff has had approximately $12,210 of sales to three Ohio residents since 2011. The small sales volume of sales to these three independent retailers in Ohio does not create "continuous and systematic" contacts sufficient to allow the Court to exercise jurisdiction over InterVac. *Allied Machine & Energy Corp. V. Jewell Mach. & Fabrication, Inc.*, 2011 U.S. Dist. LEXIS 60379 (N.D. Ohio June 7, 2011)

(finding $200,000 worth of sales to four customers over seven years insufficient to support general jurisdiction).

Plaintiff contends that InterVac's contacts support specific jurisdiction. Specific jurisdiction requires that the conduct giving rise to the litigation have a connection to Ohio. To demonstrate such connection, a plaintiff must show: 1) the defendant has purposefully availed itself of benefits from acting or caused a consequence within Ohio; 2) the cause of action must arise from the defendant's acts or such consequences; and 3) the connection between the defendant and Ohio must be sufficiently substantial to make jurisdiction in this court reasonable. *Wargo v. Lavandeira,* 1:08 CV 02035, 2008 WL 4533673 (N.D. Ohio Oct. 3, 2008) (quoting *Southern Machine Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir. 1968)).

Plaintiff argues that InterVac's $12,210 sales from 2011 to 2013 indicate that it has purposefully availed itself of the privilege of acting in the Northern District of Ohio. Plaintiff notes that InterVac maintains an interactive website that allows users to select, purchase, and ship products to Ohio. Defendant contends that its sales of unrelated products cannot support specific jurisdiction.

Plaintiff's website, which allows for the purchase of products by Ohio residents, would be interactive enough to meet the purposeful availment requirements of due process. *Bath & Body Works, Inc. v. Wal-Mart Stores, Inc.*, C-2-99-1190, 2000 WL 1810478 (S.D. Ohio Sept. 12, 2000) (finding purposeful availment where website allowed for sales to Ohio residents). However, for there to be specific jurisdiction, the cause of action must arise from the defendant's acts in Ohio. As discussed above in the Court's discussion on the long-arm

9

statute, the cause of action here does not arise from InterVac's acts in Ohio because it has sold none of the Accused Product in this state. Plaintiff has attempted to aver jurisdiction over defendant based on "random," "fortuitous," or "attenuated" contacts with the Northern District of Ohio based on other sales that occurred in this forum. Such contacts are not constitutionally sufficient to afford this Court jurisdiction over InterVac. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985). It strains reason to expect InterVac to anticipate being haled into court in the Northern District of Ohio to defend a suit for a product it has never sold here. Consequently, the Court finds specific jurisdiction in this case would not comport with due process. *Accord Zoya Co. v. NOIS, Inc.* 2013 U.S. Dist. LEXIS 120255 (N.D. Ohio Aug. 26, 2013) (finding that, while defendant has purposefully availed itself of Ohio jurisdiction by selling a product to an Ohio resident, it was unreasonable for defendant to defend where there had only been a single sale of an infringing product).

As set forth above, the Court finds that it lacks personal jurisdiction over both defendants. Accordingly, venue is not proper. Both plaintiff and defendants has requested this Court to transfer this case pursuant to 28 U.S.C. § 1406 if it found personal jurisdiction lacking over InterVac. Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Defendants represent that Florida has jurisdiction over defendants and that venue is proper there.  The Court finds that transferring this case to the Southern District of Florida rather than dismissing it would contribute to the "expeditious and orderly adjudication" of this case on its merits. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467 (1962) (approving

10

transfer of venue under § 1406(a) where transferor court lacked jurisdiction over defendants and venue was appropriate in transferee court). Consequently, the Court elects to deny defendants' Motion to Dismiss, and, pursuant to 28 U.S.C. § 1406(a), the case will be transferred against both defendants to the United States District Court for the Southern District of Florida.[1]

**Conclusion**

For the foregoing reasons, defendants' Motion to Dismiss or, in the Alternative, to Transfer is DENIED as to the motion to dismiss and is GRANTED as to the motion to transfer. The case is TRANSFERRED to the Southern District of Florida.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/22/13

---

[1] The Court finds, after weighing the interests in this case, that a transfer would also be warranted under § 1404 if it were not already warranted under § 1406. Against the slight weight given to plaintiff's choice of forum stands the conveniences of the parties and witnesses and the location of documentary evidence.